1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ARON EZRA WESSEL,

11                  Plaintiff,                        No. CIV S-10-0821 EFB P

12          vs.

13   ROBERT MALONEY, et al.,

14                  Defendants.                       <u>ORDER</u>

15   _____/

16          Plaintiff, a state prisoner, has filed this pro se civil action. In addition to filing a

17   complaint, plaintiff has filed an application to proceed in forma pauperis.  This proceeding was

18   referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the

19   undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

20   **I.      Request to Proceed In Forma Pauperis**

21          Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

22   Dckt. No. 6.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and

23   (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to

24   collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25   § 1915(b)(1) and (2).

26   ////

1

## II.     Screening Order

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

Plaintiff's form complaint indicates that this action is filed pursuant to 42 U.S.C. § 1983. In order to state a claim under this section, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff names

2

1 Siskiyou County, Assistant District Attorney Robert Maloney, and District Attorney J. Kirk

2 Andrews, as defendants.  He claims that his abstract of judgment from the Siskiyou County

3 Superior Court falsely states that he was convicted of "Count 7, murder with intent to rape."

4 Plaintiff therefore sues defendants for defamation and emotional distress, claiming the false

5 record causes him to fear attacks or death at the hands of other inmates.  Plaintiff has not alleged

6 a violation of a federal constitutional or statutory right, as he alleges violations of state law only.

7 Thus, plaintiff has failed to establish this court's subject matter jurisdiction.

8       Generally, original federal subject matter jurisdiction may be premised on two bases: (1)

9 federal question jurisdiction, and (2) diversity jurisdiction.  District courts have federal question

10 jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United

11 States." 28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates

12 the cause of action or 'where the vindication of a right under state law necessarily turn[s] on

13 some construction of federal law.'"  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086,

14 1088-89 (9th Cir. 2002) (modification in original) (citing *Franchise Tax Bd. v. Constr. Laborers*

15 *Vacation Trust*, 463 U.S. 1, 8-9 (1983)).  Plaintiff has not shown that either federal question

16 jurisdiction or diversity jurisdiction exists.  Where the district court has original jurisdiction,

17 however, state law claims may fall within the court's supplemental jurisdiction if the claims form

18 part of the same case or controversy under Article III.  28 U.S.C. § 1367(a).

19       To proceed, plaintiff may file an amended complaint to cure the deficiencies identified

20 herein, if possible.  If plaintiff amends to allege a violation of his constitutional rights pursuant to

21 42 U.S.C. § 1983 (for example, an Eighth Amendment failure to protect claim or a Fourteenth

22 Amendment due process claim), the court notes the following with respect to any claims against

23 prosecutorial defendants, such as district attorneys.  "Prosecutors are absolutely immune from

24 liability under § 1983 for their conduct insofar as it is 'intimately associated' with the judicial

25 phase of the criminal process."  *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005) (quoting

26 *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Prosecutors are fully protected by absolute

1   immunity when performing traditional activities related to the initiation and presentation of

2   criminal prosecutions.  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Botello*, 413 F.3d at

3   976 (it is "well established that a prosecutor has absolute immunity for the decision to prosecute

4   a particular case.").  Thus, even charges of malicious prosecution, falsification of evidence,

5   coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on

6   grounds of prosecutorial immunity.  *See Stevens v. Rifkin*, 608 F. Supp. 710, 728 (N.D. Cal.

7   1984).

8       Additionally, a local governmental entity, such as Siskiyou County, may be liable under

9   § 1983 only where the plaintiff alleges facts to show that a constitutional deprivation was caused

10  by the implementation or execution of "a policy statement, ordinance, regulation, or decision

11  officially adopted and promulgated" by the County.  *Monell v. Dep't of Soc. Servs.*, 436 U.S.

12  658, 691, (1978).  The custom or policy of inaction, however, must be the result of a

13  "conscious," *City of Canton v. Harris*, 489 U.S. 378, 389 (1989), or "'deliberate choice to follow

14  a course of action . . . made from among various alternatives by the official or officials

15  responsible for establishing final policy with respect to the subject matter in question.'" *Oviatt v.

16  Pearce*, 954 F.2d 1470, 1477 (9th Cir.1992) (quoting *Pembaur v. City of Cincinnati*, 475 U.S.

17  469, 483-84 (1986) (plurality opinion)).

18      Further, an individual defendant is not liable on a civil rights claim unless the facts

19  establish the defendant's personal involvement in the constitutional deprivation or a causal

20  connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

21  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

22  (9th Cir. 1978)

23      Any amended complaint must also adhere to the following requirements:

24      It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local

25  Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

26  complaint, the original pleading is superseded.

1    It must show that the federal court has jurisdiction and that plaintiff's action is brought in

2    the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

3    contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

4    personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

5    *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

6    he does an act, participates in another's act or omits to perform an act he is legally required to do

7    that causes the alleged deprivation).

8    It must contain a caption including the name of the court and the names of all parties.

9    Fed. R. Civ. P. 10(a).

10    Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.

11    P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences,

12    the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join

13    multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims

14    against different defendants must be pursued in multiple lawsuits.  "The controlling principle

15    appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as

16    alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple

17    claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

18    unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in

19    different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit

20    produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation

21    Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file

22    without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605,

23    607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless

24    both commonality and same transaction requirements are satisfied).  Plaintiff may not change the

25    nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d

26    at 607 (no "buckshot" complaints).

1    The allegations must be short and plain, simple and direct and describe the relief plaintiff

2 seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

3 *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

4 including many defendants with unexplained, tenuous or implausible connection to the alleged

5 constitutional injury or joining a series of unrelated claims against many defendants very likely

6 will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

7 plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

8 these instructions.

9    Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended

10 complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

11 allegations and that for violation of this rule the court may impose sanctions sufficient to deter

12 repetition by plaintiff or others.  Fed. R. Civ. P. 11.

13    A prisoner may bring no § 1983 action until he has exhausted such administrative

14 remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

15 *v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his

16 claims are warranted by existing law, including the law that he exhaust administrative remedies,

17 and that for violation of this rule plaintiff risks dismissal of his entire action

18    Accordingly, the court hereby orders that:

19    1.  Plaintiff's request to proceed in forma pauperis is granted.

20    2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

21 accordance with the notice to the Director of the California Department of Corrections and

22 Rehabilitation filed concurrently herewith.

23 ////
24 ////
25 ////
26 ////

1    3.  The complaint is dismissed with leave to amend within 30 days.  The amended

2  complaint must bear the docket number assigned to this case and be titled "First Amended

3  Complaint."  Failure to comply with this order will result in this action being dismissed. If

4  plaintiff files an amended complaint stating a cognizable claim the court will proceed with

5  service of process by the United States Marshal.

6  Dated:  August 12, 2010.

7

8                                    EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26