IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARON EZRA WESSEL,

    Plaintiff,                   No. CIV S-10-0821 EFB P

    vs.

ROBERT MALONEY, et al.,

    Defendants.            ORDER

                          /

        Plaintiff, a state prisoner, has filed this pro se civil action. On August 13, 2010, the court dismissed plaintiff's complaint with leave to amend. On September 16, 2010, plaintiff filed an amended complaint. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

        Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1    As plaintiff is aware, a district court must construe a pro se pleading "liberally" to
2 determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his
3 complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122,
4 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare
5 recitals of the elements of a cause of action, supported by mere conclusory statements, do not
6 suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*,
7 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to
8 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

13 *Id.* (citations and quotation marks omitted). Although legal conclusions can provide the
14 framework of a complaint, they must be supported by factual allegations, and are not entitled to
15 the assumption of truth. *Id.* at 1950.

16    The court dismissed the original complaint because plaintiff did not allege a violation of
17 a federal constitutional or statutory right, and had therefore failed to establish this court's subject
18 matter jurisdiction. The court also noted that a local governmental entity, such as Siskiyou
19 County, which plaintiff had named as a defendant, may be liable under § 1983 only where the
20 plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation
21 or execution of "a policy statement, ordinance, regulation, or decision officially adopted and
22 promulgated" by the County. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, (1978). The
23 custom or policy of inaction must be the result of a "conscious," *City of Canton v. Harris*, 489
24 U.S. 378, 389 (1989), or "'deliberate choice to follow a course of action . . . made from among
25 various alternatives by the official or officials responsible for establishing final policy with
26 respect to the subject matter in question.'" *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir.1992)

1  (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986) (plurality opinion)).

2  In his amended complaint, plaintiff names only Siskiyou County as a defendant. The
3  amended complaint, in its entirety, reads as follows:

> I Aron Wessel am filing a first amended complaint to cure deficiencies. I allege a violation of constitutional rights pursuant to 42 U.S.C. 1983, an Eighth Amendment failure to protect claim.
>
> Furthermore, I jion [sic] a violation of Fourteenth Amendment due process claim.
>
> In this matter Siskiyou County has put a false charge on my CI&I report, the District Attorney was J. Kirk Andrews and the Assistant District Attorney was Robert Maloney in jury trial. The information that was relayed from Siskiyou County to C.D.C. falsely states that I was convicted of Count 7 murder with intent to rape, this false record causes me to fear attacks or death at the hands of other inmates.
>
> In redress I seek $2.700.00 million dollars and the correction of the falsely stated charge, Siskiyou County has caused my undue emotional distress since 2007.

Plaintiff has failed to cure all of the defects in the original complaint. Plaintiff alleges that Siskiyou County violated his Eighth Amendment and Due Process rights pursuant to section 1983, but he fails to allege facts showing that an official policy or custom caused the alleged constitutional violations.

Moreover, plaintiff has not set forth sufficient factual matter state a claim to relief that is plausible on its face. In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). In order to state a claim for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983) ("While no State may deprive any person of life, liberty, or property, without due process of law, it is well settled that only a limited range of interests fall within this provision.") (internal quotations omitted). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and  significant hardship on the inmate in relation to the ordinary incidents of

prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff's conclusory allegations fail under these standards.

Therefore, plaintiff's amended complaint will be dismissed. However, plaintiff is granted leave to file an amended complaint. *Lopez*, 203 F.3d at 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Any amended complaint must also adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple

4

claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies,

1 and that for violation of this rule plaintiff risks dismissal of his entire action

2      Accordingly, the court hereby orders that the complaint is dismissed with leave to amend
3 within 30 days. The amended complaint must bear the docket number assigned to this case and
4 be titled "Second Amended Complaint." Failure to comply with this order will result in this
5 action being dismissed.

6 Dated: November 3, 2010.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE