IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARON EZRA WESSEL,

      Plaintiff,                            No. CIV S-10-0821 EFB P

      vs.

ROBERT MALONEY, et al.,

      Defendants.                  ORDER

_____/

      Plaintiff, a state prisoner proceeding pro se and in form pauperis, has filed this civil action. Pending before the court is plaintiff's second amended complaint. Dckt. No. 13. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

      Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to plead "factual content that allows the court to draw reasonable that the defendant is liable for the misconduct alleged. " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This plausibility requirement is "not akin to a 'probability requirement,' but is asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Plaintiff commenced this action with a complaint filed on April 7, 2010. Dckt. No. 1. Plaintiff named Siskiyou County, Assistant District Attorney Robert Maloney, and District Attorney J. Kirk Andrews, as defendants. *Id.* Plaintiff alleged that his abstract of judgment and/or "CI&I report"[1] from the Siskiyou County Superior Court falsely stated that he was

---

[1] A "CI&I Report" appears to be an acronym for "Criminal Identification and Investigation Report," also referred to as a "rap sheet. " *See* Cal. Code Regs. tit. 15, § 3000; Cal.

convicted of "Count 7, murder with intent to rape." *Id*. The court dismissed the complaint with leave to amend because plaintiff did not allege a violation of a federal constitutional or statutory right, and had therefore failed to establish this court's subject matter jurisdiction. Dckt. No. 7.

The court also informed plaintiff that an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Moreover, the court informed plaintiff that a local governmental entity, such as Siskiyou County, may be liable under 42 U.S.C. § 1983 only where the plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the County. *Id.* (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, (1978)). The court also informed plaintiff that prosecutors, including the named district attorneys, were absolutely immune from liability under § 1983 for their conduct insofar as it is 'intimately associated' with the judicial phase of the criminal process." *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

On September 16, 2010, plaintiff filed a first amended complaint naming only Siskiyou County as a defendant. Dckt. No. 11. Plaintiff purported to bring claims under the Eighth Amendment and the Fourteenth Amendment based on allegations that his CI&I Report falsely stated that he was convicted of murder with intent to rape. *Id.* The court dismissed this complaint with leave to amend because plaintiff failed to allege facts showing that an official policy or custom of Siskiyou County caused the alleged constitutional violations. Dckt. No. 12. The court also found that plaintiff had not set forth sufficient factual matter to state any

---

Pen. Code § 11105.

constitutional claim that was plausible on its face. *Id.*

Now before the court is plaintiff's December 6, 2010 second amended complaint. Dckt. No. 13. That complaint names Siskiyou County, and district attorneys Kirk Andrews and Robert Maloney as defendants. Plaintiff again alleges that his CI&I Report contains a false statement that he was convicted of murder with intent to rape. The complaint also purports to allege violations of the Eighth and Fourteenth Amendments. Plaintiff requests that his records be corrected and that he be awarded 2.7 million dollars in damages.

The court finds that plaintiff has again failed to state a cognizable claim for relief. Plaintiff has failed to set forth facts, which if true, demonstrate any federal constitutional violation resulting from the alleged error in his criminal record. Apart from that failure, plaintiff does not allege any facts showing that an official policy or custom caused any constitutional violation, or that any defendant was personally involved in violating his constitutional rights. Therefore, the complaint must be dismissed because it does not state a cognizable claim arising out of the allegedly false information contained in plaintiff's criminal record. Plaintiff has had several opportunities to amend and appears unable to allege a cognizable claim for relief. Therefore, the court will not grant further leave to file a third amended complaint. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that:

1. The second amended complaint is dismissed due to plaintiff's failure to state a claim upon which relief may be granted; and

2. The Clerk is directed to close this case.

Dated: September 13, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4